**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

ELIZABETH PANZARELLA, individually    :
& on behalf of all others similarly situated,    :
   :
              Plaintiff,    :
      v.    : Civil Action No.:
   :
RUSHMORE LOAN MANAGEMENT    :
SERVICES, LLC    :
   :
           Defendant.    :

## COMPLAINT – CLASS ACTION

**A.**    **JURISDICTION AND VENUE**

1.    Jurisdiction arises under 12 U.S.C. §§ 2614-15, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1332, together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **PARTIES**

3.    Plaintiff ELIZABETH PANZARELLA ("Panzarella") is a natural person, who, currently and at all times material herein resided at 47 Salem Rd., Schwenksville, PA 19473 ("the property"). Panzarella is also the assignee of Russell Panzarella to all rights and claims related to the transactions at issue in relation to the Defendant.

4.     Defendant, RUSHMORE LOAN MANAGEMENT SERVICES LLC ("Rushmore") is a corporation with its principal offices at 15480 Laguna Canyon Road, Suite 100 in Irvine California (92618), and is the servicing agent for the holder of plaintiff's second mortgage loan, U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("the debt's owner").

a.     Rushmore is a 'residential mortgage lender' pursuant to the definition in 41 Pa. Stat. Ann. § 101 in relation to the Plaintiff's residential mortgage loan and the residential, mortgage loans of certain similarly situated persons on whose behalf it acts as the holder for the loans on behalf of the owner(s).

b.     Rushmore is a debt collector pursuant to 15 U.S.C. §1692a(6) as it acquired the servicing right to the Plaintiff's loans and certain of the similarly situated persons they represent when it believed the loans were delinquent or in default.

C.     **FACTUAL ALLEGATIONS**

6.     Prior to the events described hereinafter, plaintiff was in arrears on her residential mortgage loan due to her husband's employment status (hereinafter "the debt") and reduction of income.  All proceeds of the subject mortgage loan were used at all times for personal, non-commercial purposes by the Plaintiff and her family in relation to their family home.  The documents governing the Plaintiff's residential, mortgage loan were made subject to the laws of the Commonwealth of Pennsylvania.

7.     Rushmore became the servicer of the Plaintiff's personal, mortgage loan on November 1, 2017 at a time when it believed the loan was in default as that term is defined in the documents governing the loan.

2

8.     On or about May 10, 2019, plaintiff entered into a loan modification with RUSHMORE effective April 1, 2019.[1]  The loan modification included all then outstanding expenses, late charges, and foreclosure fees were capitalized to the unpaid principal balance due on the Plaintiff's loan.

9.     As a result of the May 2019 modification, Rushmore's pending foreclosure action against the Plaintiff and the Plaintiff's home and property was dismissed because the loan was brought current.

10.     Thereafter, plaintiff made the following modified payments, including increased escrow of $532.07, in the amounts of $1,457, $1,450, and $1,457, respectively, for the monthly payments of April, May, and July 2019.

11.     On or about July 23, 2019, Plaintiff received from Defendant an escrow analysis stating that her new monthly mortgage payment of principal, interest, taxes, and insurance (PITI) would be $1,199 because of the escrow component of her monthly payment being reduced to the pre-modification amount of $280.05.

12.     On or about early August 2019, plaintiff received from Defendant an Act 91 a materially inaccurate default notice dated July 31, 2019, which demanded Plaintiff pay two (2) missed monthly payments for June and July totaling of $2,896.

13.     At the time the default notice was sent by Defendant, plaintiff was in arrears one (1) and not two (2) monthly loan payments per the modification.

14.     On or about August 30, 2019, plaintiff paid Defendant a payment of $1,199 which Defendant accepted.

---

[1] Plaintiff had signed a February 2019 loan modification agreement but payments could not be timely made by Plaintiff.

15.    In September 2019, Defendant sent plaintiff a monthly mortgage statement demanding payment of three months arrears in the amount of $4,096 (two (2) payments totaling $2,896 and a payment in the modified amount of $1,199 for September).

16.    Thereafter, Plaintiff called Defendant each month in order to make an electronic payment to reinstate her loan account via a lump sum payment of the alleged default in order to avoid foreclosure but Plaintiff was always informed she would have to pay "foreclosure" fees in addition to the monthly payments missed.

17.    Thereafter, Plaintiff in reliance to Rushmore's demands and statements to her, made an application to Pennsylvania Housing Finance Agency (PHFA) for an emergency loan to pay the defaulted balance on the mortgage account alleged by Defendant.

18.    On or about May 29, 2020, plaintiff sent RUSHMORE a combined Request for Information ("RFI") and Notice of Error ("NOE") concerning her mortgage account including requesting a pay-off statement.  She made the request for information in pertinent part to try to determine what specific fees and charges Rushmore was adding to the residential, mortgage loan.  Rushmore's practice of utilizing labels such as "corporate advances" to conceal specific charges has been subject to litigation and called into question.  *See e.g. Flournoy v. Rushmore Loan Mgmt. Servs., LLC*, No. 8:19-CV-00407-PX, 2020 WL 1285504 (D. Md. Mar. 17, 2020). Plaintiff also called attention to believed errors in calculation and application of her monthly payments.

19.    RUSHMORE received Plaintiff's RFI/NOE at the address it disclosed to Plaintiff and other borrowers for such correspondence under the Real Estate Settlement Procedures Act (RESPA) and its implementing regulations.

20.    On or about July 17, 2020, RUSHMORE responded in writing to Plaintiff's RFI/NOE in relevant part that the prior "foreclosure fees were also capitalized to the unpaid principal balance, during the modification."  However, Rushmore's response indicates that it conducted an unreasonable investigation into Plaintiff's Notice of Error since, by its response, it indicated that it had a right to collect sums from Plaintiff that are not authorized under the laws of the Commonwealth of Pennsylvania (as discussed *infra*).

21.    Defendant also enclosed with the RFI/NOE response a knowingly inaccurate pay-off statement dated June 18, 2020 to reinstate the loan for payments from July 2019 through June 2020 and which includes a $2,215.00 item described as "Est. Fcl Fee & Cost".  All persons, including financial service companies like Rushmore, are expected to know the laws governing their activities.  Rushmore's reckless indifference to laws governing its activities for the apparent purpose to collect from borrowers like Plaintiff sums that are not legally owed is unfair, deceptive and abusive.

22.    On or about June 18, 2020 Rushmore provided PHFA with a reinstatement quote which included "Legal fees and costs" and a breakdown of same as follows:

| Date of Service | Service Performed | Cost | Atty Rate x Number of Hours |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| 11/09/2019 | foreclosure fee through referral/precomplaint | 960.00 | $/hr. x __ hrs. = $FNMA Flat |
| 11/26/2019 | Mailings | 49.35 | $/hr. x __ hrs. = $ |
| 11/27/2019 | Title Search | 400.00 | $/hr. x __ hrs. = $ |
| 12/10/2019 | Skip Traces | 197.00 | $/hr. x __ hrs. = $ |
| 2/6/2020 | Fee to prepare AOM into client | | $/hr. x __ hrs. = $150.00 |
| 2/6/2020 | Fee to coordinate recording of AOM | | $/hr. x __ hrs. = $ 50.00 |
| 3/9/2020 | Recording cost for AOM | 80.75 | $/hr. x __ hrs. = $ |
| 3/13/2020 | Mailings | 19.05 | $/hr. x __ hrs. = $ |
| 4/24//2020 | Mailings | 12.15 | $/hr. x __ hrs. = $ |
| | Foreclosure fee through complaint filed | 640.00 | $/hr. x __ hrs. = $FNMA Flat |
| | Foreclosure fee through service | 640.00 | $/hr. x __ hrs. = $FNMA Flat |
| | Filing Cost – Complaint | 290.00 | $/hr. x __ hrs. = $ |
| | Complaint Service | 99.00 | $/hr. x __ hrs. = $ |
| | **TOTAL COSTS** | 3,387.30 | **TOTAL FEES = $200.00** |
| | **TOTAL AMOUNT** | | **=$_3,587.30** |

23.    Rushmore's June 18, 2020 payoff quote was inaccurate since it included fees that neither Rushmore not the loan's owner are permitted to impose upon the Plaintiff including foreclosure fees in excess of $50.00 when, in fact, no new foreclosure action had ever been filed by Rushmore against the Plaintiff.

24.     As of August 27, 2020, Plaintiff has reinstated her loan account by payment of the amounts claimed due by Rushmore with proceeds from the PHFA loan.  Plaintiff caused payment of the claimed reinstatement sum claimed due by Rushmore in reliance to its representations to her and PHFA.

25.     As of the date of this pleading, Defendant has not sued Plaintiff in foreclosure regarding any default on the terms of the loan modification described herein.

26.     Under Pennsylvania law, Defendant as a mortgage creditor is unable to charge estimated foreclosure fees prior to filing foreclosure:

> Section 406.  Attorney's Fees Payable.--With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:
> (1)  Reasonable fees for services included in actual settlement costs.
> (2)  Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.
> (3)  **Prior to commencement of foreclosure or other legal action attorneys' fees which are reasonable and actually incurred not in excess of fifty dollars ($50) provided that no attorneys' fees may be charged for legal expenses incurred prior to or during the thirty-day notice period provided in section 403 of this act.** (emphasis added).

41 Pa. C.SA. §406 (emphasis added).

27.     As a result of the aforesaid conduct of Defendant, Plaintiff has suffered damages including but not limited to emotional distress and anxiety, increased the PHFA loan costs for sums Rushmore added improperly to its inaccurate reinstatement quote that were paid to it, frustration, aggravation, and lost time and energy to attempt to understand and correct Defendant's accounting errors and misrepresentations.

D.    **CLASS ALLEGATIONS**

26.    This action is properly brought on behalf of three classes, pursuant to

Fed. R. Civ.P. 23(a) and 23(b).

a.    Named Plaintiff proposes the **Class A** be defined as follows:

Those persons in the Commonwealth of Pennsylvania for whom
RUSHMORE has acted as a mortgage servicer on behalf of another,
within the three (3) years before the commencement of this action, and
RUSHMORE has sought to collect pre-foreclosure legal fees and
costs, in pay-off statements, reinstatement quotes, or otherwise,
without having filed a foreclosure action against the borrower of a
residential property.

b.    Named Plaintiff proposes the **Class B** be defined as follows:

Those persons in the Commonwealth of Pennsylvania for whom
RUSHMORE (i) within four years of the commencement of this action
(ii) collected attorneys' fees in excess of $50 but (iii) no foreclosure
action had commenced in any court.

c.    Named Plaintiff proposes **Class C** be defined as follows:

Those persons in the Commonwealth of Pennsylvania for whom
RUSHMORE: (i) acquired the servicing or collection rights of their
consumer, residential mortgage loan when it believed the loan was in
default; and (ii) imposed and/or collected attorneys' fees in excess of
$50 at a time when no foreclosure action had commenced against the
person.

27.    Plaintiff qualifies as a member of Class A, Class B, and Class C and

proposes to be appointed by the Court as the Named Plaintiff for the Class A, Class

B, and Class C.

28.    Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of the Rushmore; (ii) a relative of an employee or independent contractor of the Rushmore; or (iii) an employee of the Court where this action is pending.

29.    The Class definitions in ¶ 26 as limited by ¶ 28 may be amended or modified from time to time as appropriate and with the approval of the Court.

30.    The members of **Class A, Class B, and Class C** are capable of being identified without difficult managerial or administrative problems. RUSHMORE maintains electronic records that track information about borrowers, their loans and any correspondence sent to borrowers so it is able to identify particular categories of borrowers from its electronic systems. RUSHMORE utilizes standard forms and procedures related to the payoff statements sent to borrowers.  Rushmore is also required under Federal and State law to maintain all necessary data and records to identify the members of the class and all sums it imposes on their mortgage accounts (including the dates and amounts it collects directly or indirectly related to the accounts).

31.    Pursuant to 12 U.S.C.A. § 2605(k)(1)(C)(E), RUSHMORE has duties to the putative Class members to (i) take appropriate steps to avoid foreclosure as part of its standard servicer's duties and (ii) comply with any other obligation(s) found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of 12 U.S.C.A. § 2605. Pursuant to 12 C.F.R. § 1024.38(b)(1)(i), RUSHMORE is required to "[p]rovide accurate and timely disclosures to a borrower as required by [12 C.F.R. § 1024.38] or other applicable

law."  Pursuant to 12 C.F.R. § 1024.35(b)(5), RUSHMORE is not permitted to "impos[e]… a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower."  It is unreasonable and a violation of its duties for RUSHMORE to demand inaccurate sums due from the putative class members and has no right to collect any sums not actually authorized by statute and/or under the standard and uniform loan documents.

32.    Rushmore also has legal duties under 15 U.S.C.A. § 1639g to provide: "an **accurate** payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower" (emphasis added).  In addition, 12 C.F.R. § 1026.36(c)(3) provides that: "Payoff statements. In connection with a consumer credit transaction secured by a consumer's dwelling, **a creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date**. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer. When a creditor, assignee, or servicer, as applicable, is not able to provide the statement within seven business days of such a request because a loan is in bankruptcy or foreclosure, because the loan is a reverse mortgage or shared appreciation mortgage, or because of natural disasters or other similar circumstances, the payoff statement must be provided within a reasonable time" (emphasis added).

33.    The members of **Class A, Class B, and Class C** are sufficiently numerous, and upon information and belief exceed more than fifty persons for each class, that individual joinder of all members is impractical.  According to public records, RUSHMORE is the servicer for thousands of mortgage loans throughout the United States and hundreds in Pennsylvania in each of the last four (4) years preceding the commencement of this action.

34.    There are questions of law and fact common to **Class A, Class B, and Class C** which predominate over any questions affecting only individual members of the putative classes and, in fact, the wrongs alleged against RUSHMORE by the members of each putative class and the remedies sought by putative class members members against RUSHMORE are identical, the only difference being the exact monetary sum to which each  **Class A, Class B, and Class C** member is entitled to receive from RUSHMORE.

35.    The common issues related to the **Class A** members include, but are certainly not limited to:

   i.    Whether RUSHMORE is entitled to demand pre-foreclosure legal fees and costs without having filed a foreclosure action against the consumer debtor and therefore not having actually incurred said legal fees and costs;

   ii.    Whether RUSHMORE's action violated threatened or took actions against the **Class A** members, including actions under the color of law or which were otherwise unfair and deceptive, that it had no legal or equitable right to take;

iii.    Whether RUSHMORE acted unfairly and deceptive in regards to the **Class A** members by knowingly misrepresenting that it was entitled to collect pre-foreclosure legal fees and costs without having filed a foreclosure action against the consumer debtor and therefore not having actually incurred said legal fees and costs;

iv.    What is the sum of monthly mortgage payment debt wrongly collected by RUSHMORE from the Named Plaintiff and Class members during the class period before the commencement of this action; and

v.    Whether RUSHMORE profited from the assessment of improper monthly mortgage payment debt against the Named Plaintiff and the **Class A** members and what sum of profits it realized.

36.    The common issues related to the **Class A** members include, but are certainly not limited to:

i.    Whether RUSHMORE is entitled to demand pre-foreclosure legal fees and costs without having filed a foreclosure action against the consumer debtor and therefore not having actually incurred said legal fees and costs;

ii.    Whether RUSHMORE threatened or took actions against the **Class A** members, including actions under the color of law or which were otherwise unfair and deceptive, that it had no legal or equitable right to take;

iii.    Whether RUSHMORE acted unfairly and deceptive in regards to the **Class A** members by knowingly misrepresenting that it was entitled to

collect pre-foreclosure legal fees and costs without having filed a foreclosure action against the consumer debtor and therefore not having actually incurred said legal fees and costs;

iv. What is the sum of monthly mortgage payment debt wrongly collected by RUSHMORE from the Named Plaintiff and Class members during the class period before the commencement of this action; and

v. Whether RUSHMORE profited from the assessment of improper monthly mortgage payment debt against the Named Plaintiff and the **Class A** members and what sum of profits it realized.

37.    The common issues related to the **Class B** members include, but are certainly not limited to:

i. Whether RUSHMORE is entitled to demand pre-foreclosure legal fees and costs without having filed a foreclosure action against the consumer debtor and therefore not having actually incurred said legal fees and costs;

ii. Whether members of **Class B** paid sums in excess of those allowed pursuant to 41 Pa. C.SA. §406 in the four years proceeding this action; and

iii. Whether Rushmore should pay to the members of **Class B** triple the amounts collected by it in violation of 41 Pa. C.SA. §406 as authorized by 41 Pa. C.SA. §502.

38.    The common issues related to the **Class C** members include, but are certainly not limited to:

13

     i.     Whether Rushmore is a debt collector under the FDCPA?

    ii.     Whether RUSHMORE had the right to demand pre-foreclosure legal fees and costs without having filed a foreclosure action against the consumer debtor;

   iii.     Whether RUSHMORE's practices of imposing and collecting legal fees in excess of $50 from the class members even through no foreclosure action was filed was unfair or unconscionable;

    iv.     What is Rushmore's net worth;

     v.     Whether the class entitled to an award of statutory damages against Rushmore.

39.    Named Plaintiff's legal and equitable claims are typical and the same or identical for each of the member of **Class A, Class B, and Class C** and will be based on the same legal and factual theories identified *supra*.

40.    RUSHMORE's defenses (which defenses are denied) would be typical and the same or identical for each of the member of **Class A, Class B, and Class C** and will be based on the same legal and factual theories.

41.    The Named Plaintiff will also fairly and adequately represent and protect the interests of the members of **Class A, Class B, and Class C**. Named Plaintiff has retained counsel experienced in consumer class actions including actions involving unlawful collection and mortgage servicing practices.  Named Plaintiff does not have any interests which might cause her not to vigorously prosecute this action or are otherwise adverse to the interests of the members of **Class A, Class B, and Class C**.

42.    Certification of the putative **Class A, Class B, and Class C** classes under Fed. R. Civ.P. 23(a) and 23(b) for the injunctive and declaratory relief sought and for the damages claims in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of claims by the **Class A, Class B, and Class C** members, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

43.    The only individual questions concern the identification of the members of **Class A, Class B, and Class C** who are entitled to any relief permitted and authorized by their legal claims that RUSHMORE is ordered to disgorge as the fruit of its unlawful activities or share in any statutory and actual damages permitted by law against RUSHMORE. This information can be determined by a ministerial examination of the Defendant's business records or other sources, which are admissible as an exception to the hearsay rule and as a statement by a party.

44.    Plaintiff's claims are typical of the claims of the **Class A, Class B, and Class C** members.

45.    Plaintiff will fairly and adequately protect the interests of all **Class A, Class B, and Class C** members in the prosecution of this action. The Named Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the classes she seeks to represent. The Named Plaintiff (i) feels that she has been wronged, (ii) wishes to obtain redress of the wrong, and (iii) wants Defendant stopped

from enriching itself from illegal fees or otherwise perpetrating similar wrongs on others.

46.     The members of **Class A, Class B, and Class C** have suffered damages, losses, and harm similar those sustained by the Named Plaintiff and described above.

**COUNT I - CLASS CLAIM**
**VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT(FCEUA)**
**73 P.S. § 2270.1 et. seq.**
**AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER**
**PROTECTION LAW (UTPCPL)**
**73 P.S. § 201-1 et. seq.**

47.     Plaintiff incorporates all prior paragraphs herein.   This Claim is brought on behalf of Plaintiff on her behalf and on behalf of the Class A members.

48.     At the time it became the servicing agent for plaintiff's loan and the loans of the Class members as described herein, Defendant RUSHMORE was a debt collector within the meaning of 73 P.S. § 2270.3 of the FCUEA.

49.     Plaintiff is a consumer as defined by 73 P.S. § 2270.3 of the FCUEA.

50.     The alleged debt at issue was a debt within the meaning of 73 P.S. § 2270.3 of the FCUEA in that it was an actual or alleged past due obligation, claim, demand, note or other similar liability of a consumer to pay money, arising out of a single account as a result of a purchase, lease or loan of goods, services or real or personal property for personal, family or household purposes or as a result of a loan of money or extension of credit which is obtained primarily for personal, family or household purposes.

51.     RUSHMORE had no legal right to assert it was entitled to impose or attempt to collect inaccurate sums due from the Plaintiff and the **Class A** members, specifically its demand for pre-foreclosure legal fees and costs without having filed a foreclosure action against the consumer debtor and therefore not having actually incurred said legal fees and costs, all in violation of governing Pennsylvania law, 41 Pa. C.SA. §406

52.     By communicating with the Plaintiff and Class members directly and indirectly and threatening and/or actually pursuing litigation and demanding sums not legally due from the Plaintiff and **Class A** members because RUSHMORE had no legal right as to make such demands for pre-petition debt not due and owing as post-petition debt, RUSHMORE:

    i.     used false, deceptive, or misleading representations or means in connection with the collection of the consumer debts of the Plaintiff and   Class members in violation of 73 Pa. Stat. Ann. § 2270.4 (incorporating 15 U.S.C. § 1692e(5).

    ii.    used constitute unfair or unconscionable means to collect or attempt to collect from the Plaintiff and **Class A** members including but not limited to providing inaccurate payoff information required by 15 U.S.C.A. § 1639g and 12 C.F.R. § 1026.36(c)(3) which also violates 73 Pa. Stat. Ann. § 2270.4 (incorporating 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(1) and 1692f(1) of the FDCPA).

53.     All of the above contacts by Defendant were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

17

54.     Section 2270.4 of the FCEUA states, "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 Pa. C.S.A. § 2270.4.

55.     The foregoing acts and omissions of these Defendant constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

      a)   The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

      b)   Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

      c)   The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

      d)   The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

      e)   Attempting to collect any amount not authorized by agreement or permitted by law.

56.     Consequently, at the time the collection demands described herein, that were made within the last three (3) years preceding the filing of this action, were made in the aforesaid written communications, RUSHMORE misrepresented Plaintiff's and the **Class** members' legal and financial obligations regarding their mortgage loans.

57.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's and the

18

Class A members' rights under the law with the purpose of coercing them to pay the alleged debts.

56.    The FCEUA, and the UTPCPL are remedial statutes intended to protect consumers and RUSHMORE's flagrant disregard of its duties are clear violations of them all.

57.    Plaintiff and the **Class A** Members have suffered actual economic and non-economic damages, as more fully described *supra* as a result of Defendant's illegal debt collection practices and direct and indirect actions described herein.

58.    Plaintiff and the **Class A** Members have suffered additional actual economic damages as a result of Defendant's illegal debt collection practices and direct and indirect actions including equal to the sums collected by Rushmore from them, directly and indirectly, without the right to do so.

59.    The amounts accepted and charged by RUSHMORE from the Named Plaintiffs and the Class A Class members are liquidated amounts.  Named Plaintiff and the Class A members are entitled to an award of pre-judgment interest.

## <u>COUNT II</u> – RESPA - INDIVIDUAL CLAIM

60.    Plaintiff incorporates all prior paragraphs herein by reference.  This Claim is brought on behalf of Plaintiff on her behalf individually.

61.    RUSHMORE is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605 and 12 C.F.R. § 1024.41.  Plaintiff's loan is a federally related mortgage pursuant to these authorities.

62.     Plaintiff is a "borrower" entitled to the protections codified at 12 U.S.C.A. §2605 and 12 C.F.R. §1024.41.  The mortgage loan subject to this action is a federally related mortgage as defined in 12 C.F.R.1024.2 and involves a consumer transaction at the time the loan was taken out by the Plaintiff.

63.     RUSHMORE willfully violated RESPA in one or more of the following ways, by example only and without limitation:

(a)     By failing to properly and lawfully account for and apply payments;

(b)     By failing to make appropriate corrections in the Plaintiff's account and transmit written notification of such correction to the Plaintiff (12 U.S.C. §2605(e)(2)(A));

(c)     By continuing to report a derogatory payment history to the consumer reporting agency while a response to the qualified written request was due and pending.

(d)     By failing to conduct a reasonable investigation into Plaintiff's Notice of Error.

64.     As a result of the aforesaid violations of the RESPA, Plaintiff suffered damages including but not limited to emotional distress and anxiety, increased loan costs, frustration, aggravation, and lost time and energy to understand and dispute defendant's accounting of her loan.

## COUNT III – 41 Pa. C.SA. §502 – CLASS CLAIM

65.     Plaintiff incorporates all prior paragraphs herein.  This Claim is brought on behalf of Plaintiff on her behalf and on behalf of the Class B members.

66.     Defendant RUSHMORE was not entitled to receive any benefit (including profits) or payments from the Named Plaintiff and **Class B** members as a result of any so-called estimated foreclosure fees assessed the accounts of the Named Plaintiff and the **Class B** members.

67.     At all times relevant and material to this action in the four (4) years before the commencement of this action, RUSHMORE has known or should have known that is was not permitted to claim it was entitled to access or collect  fees from the Named Plaintiff and the **Class B** members' mortgage accounts since (i) no foreclosure action associated with the fees had ever been commenced; (ii) there was no legal proceeding involving the person's property that affected RUSHMORE' or the mortgage loan owners'  interests in the related properties, or (iii) the related properties were not abandoned.

68.     Plaintiff and the members of Class B are entitled to an (i) award of the excess sums imposed and/or collected from them by Rushmore in violation of 41 Pa. C.SA. §406 amd (ii) a further statutory award of triple those sums as authorized by 41 Pa. C.SA. §502.

69.     The acceptance and retention by RUSHMORE of any sums received as a result of its practices in violation of violation of 41 Pa. C.SA. §406 in relation to the Plaintiff and Class B class members against the Named Plaintiff's and Class B member accounts under such circumstances is inequitable since RUSHMORE did not have the legal right to even demand or collect such payments in the first instance in the manner it sought to collect them—this conclusion is just and proper even though

RUSHMORE might have otherwise collected the alleged fees from another but not the borrower.

70.    The amounts accepted and charged by RUSHMORE from the Named Plaintiffs and the Class B Class members are liquidated amounts. Named Plaintiff and the Class B members are entitled to an award of pre-judgment interest.

71.    As a result of RUSHMORE's collection practices in violation of Pennsylvania law, RUSHMORE has been unjustly enriched.

## COUNT IV – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692, *et seq.* – CLASS CLAIM

72.    Plaintiff incorporates all prior paragraphs herein.  This Claim is brought on behalf of Plaintiff on her behalf and on behalf of the Class C members.

73.    Rushmore acquired its interest in the loans of the Class C members and Plaintiff when it alleges (directly and indirectly) and believed the loans were in default and therefore Rushmore is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

74.    In relation to the Plaintiff and certain of the the Class C members, Rushmore is also a debt collector pursuant to 15 U.S.C. §1692a(6) because its principal business activity utilizes instrumentalities of interstate commerce or the mails related to the enforcement of security interests as described in 15 U.S.C. §1692f(6) which bars certain debt collectors, like them, from threatening to take any nonjudicial action to effect dispossession of property when there is no present right to possession of the property claimed as collateral when the debt collection action is barred as a matter of law.

22

75.    By imposing and collecting from Plaintiff and members of the Class C attorney's fees and costs in excess of what is owned under Pennsylvania law which is incorporated into the loan documents governing the parties' relationships, Rushmore has acted unfairly or with unconscionable means to collect or attempt to collect from Plaintiff and Class C class members in violation of 15 U.S.C. § 1692f.

76.    Plaintiff and the Class C members have suffered actual economic damages, as more fully described *supra* as a result of the Rushmore's illegal debt collection practices and direct and indirect actions described herein.

77.    The FDCPA provides for statutory damages in addition to actual damages.  The Plaintiff and members of Class C are entitled to their actual damages and statutory damages allowed under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  WHEREFORE, Pursuant to Count I of this Complaint, Named Plaintiff requests the Court to certify Class A pursuant to Fed. R. Civ.P. 23 and appoint the Named Plaintiff as class representative and the undersigned counsel as Class Counsel;

B.  WHEREFORE, Pursuant to Count I of this Complaint, as a result of the violations of the FCEUA and the UTPCPL by Rushmore, Plaintiff requests an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) for herself and members of Class A;

C. WHEREFORE, Pursuant to Count I of this Complaint, as a result of the violations of the FCEUA and the UTPCPL by Rushmore, Plaintiff requests an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) to the Plaintiff and members of Class A against Defendant equal to three times the illegal sums imposed or collected by Rushmore or $100 per class member, whichever is greater;

D. WHEREFORE, Pursuant to Count I of this Complaint, as a result of the violations of the FCEUA and the UTPCPL by Rushmore, Plaintiff requests an award pre-judgment interest to the Plaintiff and members of Class A in relation to their actual damages.

E. WHEREFORE, Pursuant to Count I of this Complaint, as a result of the violations of the FCEUA and the UTPCPL by Rushmore, Plaintiff requests an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a) to Plaintiff and the members of Class A.

F. WHEREFORE, Pursuant to Counts II, as a result of the violations of RESPA by Rushmore, Plaintiff requests an award of her individual actual damages including lost time, lost wages, and emotional distress, an award of statutory damages to the Plaintiff individually of $2,000 pursuant to 12 U.S.C. § 2605(f)(1) and an additional award of costs and reasonable attorney's fees pursuant to 12 U.S.C. § 2605(f) (3) to the plaintiff against defendant;

G. WHEREFORE, Pursuant to Count III of this Complaint, Named Plaintiff requests the Court to certify Class B pursuant to Fed. R. Civ.P. 23 and appoint the Named Plaintiff as class representative and the undersigned counsel as Class

Counsel;

H.  WHEREFORE, Pursuant to Count III of this Complaint as a result of Rushmore's violation of 41 Pa. C.SA. §406, an award of (i) actual damages and further (ii) statutory award of triple those sums as authorized by 41 Pa. C.SA. §502 for the Plaintiff and members of Class B.

I.  WHEREFORE, Pursuant to Count III of this Complaint as a result of the violations of the 41 Pa. C.SA. §406 and 41 Pa. C.SA. §502, an award pre-judgment interest to the Plaintiff and members of Class B in relation to their actual damages.

J.  WHEREFORE, Pursuant to Count III of this Complaint, as a result of the violations of the 41 Pa. C.SA. §406 and 41 Pa. C.SA. §502, an award reasonable attorney fees and costs to the Plaintiff and members of Class B;

K.  WHEREFORE, Pursuant to Count IV of this Complaint, Named Plaintiff requests the Court to certify Class C pursuant to Fed. R. Civ.P. 23 and appoint the Named Plaintiff as class representative and the undersigned counsel as Class Counsel;

L.  WHEREFORE, Pursuant to Count IV of this Complaint, Named Plaintiff and the members of Class C ask this Court to determine the issue of Rushmore's liability to the Class C members under the FDCPA and award (i) actual damages for its violations of 15 U.S.C. § 1692f pursuant to 15 U.S.C.A. § 1692k(a)(1) equal to the unauthorized sums collected by Rushmore, (ii) statutory damages pursuant to

15 U.S.C.A. § 1692k(a)(2) in the amount of $500,000, and (iii) reasonable

attorney fees and reasonable costs as authorized by 15 U.S.C.A. § 1692k(a)(3).

M. WHEREFORE, such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


Dated: Sep. 11, 2020                              /s/Robert P. Cocco
                                                  ROBERT P. COCCO, P.C.
                                                  Attorney for Plaintiff
                                                  By: Robert P. Cocco, Esquire
                                                  Pa. Id. No. 61907
                                                  1500 Walnut Street, Suite 900
                                                  Philadelphia, PA 19102
                                                  215-351-0200